**COMMONWEALTH of Pennsylvania ex. rel. Joseph GUARRASI,**

v.

**Timothy CARROLL, Appellee**

**Appeal of Joseph Guarrasi, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 5, 2009.

Filed Aug. 11, 2009.

Joseph Guarrasi, appellant, Pro Se.

Thomas G. Gambardella, Assistant District Attorney, Doylestown, for Commonwealth, appellee.

BEFORE: ORIE MELVIN, ALLEN and COLVILLE *, JJ.

OPINION BY COLVILLE, J.:

¶ 1 This case is an appeal from the trial court's order affirming the refusal of the Bucks County District Attorney ("D.A.") to prosecute the private criminal complaint filed by Joseph Guarrasi ("Guarrasi"). We affirm.

### Facts

¶ 2 In 2005, Guarrasi was convicted of numerous offenses, having pled *nolo contendere* to attempted homicide and having pled guilty but mentally ill to attempted aggravated assault, attempted kidnapping, attempted false imprisonment, attempted burglary, and solicitation to commit insurance fraud. The court sentenced him to a period of incarceration, and he then appealed the discretionary aspects of his sentence. This Court affirmed his judgment of sentence. *Commonwealth v. Guarrasi*, 907 A.2d 1133 (Pa.Super.2006) (unpublished memorandum).

¶ 3 In 2007, Guarrasi filed a private criminal complaint alleging the detective who investigated Guarrasi's 2005 criminal case violated various criminal statutes.[1] The thrust of the complaint was that the evidence in Guarrasi's criminal case included various recorded conversations and that the investigating detective tampered with the evidence by intentionally destroying or otherwise intentionally altering the recordings, thereby reducing their length from some ten or eighteen hours (Guarrasi was not sure which) to 5.90 hours. The D.A. disapproved Guarrasi's complaint; Guarrasi then appealed that decision to the Court of Common Pleas. The trial court did not hold a hearing on Guarrasi's appeal but, rather, denied him relief based on the record. Guarrasi thereafter filed the instant appeal to this Court.

¶ 4 When this case first came before us, the record was not clear as to whether the D.A.'s decision not to prosecute was based on legal grounds, policy reasons or a hybrid of both. Because the basis of the D.A.'s decision determines the standard by which the trial court should have reviewed that decision, *see In re Private Criminal Complaint of Wilson*, 879 A.2d 199, 211–12 (Pa.Super.2005), we were unable to evaluate the propriety of the trial court's ruling. Consequently, we remanded for an evidentiary hearing and a supplemental trial court opinion in order to clarify the basis of the D.A.'s decision not to prosecute.

¶ 5 Upon remand, in accordance with our instructions, the trial court conducted a hearing. During that hearing, the Commonwealth elicited testimony from the As-

---

* Retired Senior Judge assigned to the Superior Court.

1. The complaint alleged violations of 18 Pa. C.S.A. §§ 901 (criminal attempt), 903 (conspiracy), 4902 (perjury), 4910 (tampering with evidence), and 4911 (tampering with public records). All of the cited statutes require that the accused act intentionally, knowingly or willfully. The complaint also seemed to allege the detective violated some part of the Wiretap Act (18 Pa.C.S.A. §§ 5701–82) but it did not specify any particular section.

sistant District Attorney ("A.D.A.") who investigated Guarrasi's complaint. The A.D.A. testified that, during her investigation, she reviewed Guarrasi's complaint and talked with the investigating detective. Based on her discussion with the detective, the A.D.A. determined that a small portion of the recordings had been inadvertently taped over by the detective but that there was no evidence the detective acted with any criminal intent in doing so. Based on the detective's lack of criminal intent, the A.D.A. determined Guarrasi's complaint lacked legal merit. The A.D.A. also explained the complaint was rejected for policy reasons. In particular, the D.A.'s office had a policy of not prosecuting private criminal complaints where there was no evidence of criminal intent.

¶ 6 Based on the aforesaid testimony, the trial court issued an opinion in which the court reasoned the D.A.'s decision in refusing to accept Guarrasi's complaint was a hybrid of legal and policy reasons. The court then found the D.A.'s office had not abused its discretion in doing so. The case has now returned to us and is ready for our consideration.

### Legal Principles

¶ 7 In our earlier memorandum, we set forth the relevant legal principles as follows:

A district attorney ("D.A.") has the authority to approve or disapprove private criminal complaints. Pa.R.Crim.P. 506(A). If the D.A. decides to disapprove a private complaint, the D.A. must advise the affiant of the reasons for the disapproval. *Id.* at (B)(2). A disapproval may be based on purely legal grounds (*e.g.*, the complaint does not state a *prima facie* case or, even if it does so, the D.A.'s investigation into the matter reveals there is no evidentiary merit to the complaint). *In re Private Criminal Complaint of Wilson*, 879 A.2d 199, 211–

12 (Pa.Super.2005). Alternatively, the choice to disapprove a complaint may be a matter of policy (*e.g.*, even if the case has legal merit, prosecution thereof would not serve the public interest). *Id.* at 212. Finally, the disapproval of a private complaint may be a hybrid of both legal and policy reasons. *Id.*

If a D.A. disapproves a private criminal complaint, the private affiant may appeal that disapproval to the Court of Common Pleas. Pa.R.Crim.P. 506(B)(2). In such an appeal, the court must first correctly identify the nature of the D.A.'s reason(s) for disapproving the complaint. *Wilson*, 879 A.2d at 212. If the D.A.'s decision was based on legal grounds, the court undertakes *de novo* review to determine whether the D.A. reached a proper legal conclusion. *Id.* However, if the D.A. based the disapproval on policy reasons, the court applies an abuse of discretion standard, deferring to the D.A.'s decision absent bad faith, fraud or unconstitutionality on the latter's part. *Id.* Lastly, if the D.A. relied on a hybrid of legal and policy bases, the court reviews the D.A.'s decision for an abuse of discretion. *Id.*

When this Court reviews a Common Pleas Court's decision concerning private criminal complaints, our review is congruent with the standard that was to be applied by the Common Pleas Court. Thus, where a D.A. denied a complaint on purely legal grounds and where the Common Pleas Court was therefore to undertake *de novo* review, we review the Common Pleas Court's decision for an error of law, thereby applying a *de novo* standard and a plenary scope of review. *Id.* at 214. However, where the D.A. denied the complaint on a policy basis or a hybrid of legal and policy bases, and where the Common Pleas Court was therefore to apply an abuse of discretion

standard, we similarly review the court's decision for an abuse of discretion. *Id.* at 215. An abuse of discretion is not a mere error in judgment. *Id.* It is a decision based on bias, partiality, prejudice, ill will, manifest unreasonableness, or misapplication of law. *Id.*

*Commonwealth Ex. Rel. Guarrasi v. Carroll,* No. 1159 EDA 2008, 2009 WL 1310793 (filed 02/12/09) (unpublished memorandum at 2–4).

### Analysis

¶ 8 We reject the characterization of the D.A.'s basis for disapproving Guarrasi's complaint as being a hybrid of legal and policy reasons. Testimony from the A.D.A. demonstrated the complaint was disapproved because there was no evidence the detective had the criminal intent necessary to establish the elements of the charges alleged in the complaint. Thus, the D.A. concluded the complaint lacked legal merit. That conclusion is subject to *de novo* review.

¶ 9 It may well be that the D.A.'s Office has a policy of not prosecuting private criminal complaints where the accused persons lacked the requisite criminal intent and, therefore, the complaints lack legal merit. However, for the purposes of reviewing the propriety of rejecting a private complaint, the term "policy reasons" most often refers to a determination that, although a complaint has legal merit, prosecuting it would not serve the public interest. *See Wilson,* 879 A.2d at 212.

¶ 10 Thus, to say that the D.A. in this case has a policy of not accepting private criminal complaints that lack legal merit does not transform the law-based rejection of such a complaint into a public policy decision or a hybrid of legal and public policy reasons. The significance of this point is simply this: If the D.A. were permitted to characterize all law-based rejections of criminal complaints as policy decisions, then every rejection would be subject to the deferential abuse-of-discretion standard upon review by the Common Pleas Court. Thus, the D.A.'s decisions to reject private complaints would never be subject to *de novo* review even though the law requires that standard of review for rejections based on lack of legal merit.

¶ 11 Based on the foregoing discussion, we find the D.A.'s decision to reject Guarrasi's complaint should have been subjected to *de novo* review by the trial court. In its opinion, the trial court determined the D.A.'s rejection of Guarrasi's complaint was not an abuse of discretion. Thus, it would seem the court applied the wrong standard of review. Nevertheless, a fair reading of the court's opinion reveals the court also considered the complaint allegations made by Appellant, the lack of any record evidence from Appellant with respect to his allegations, and the testimony and arguments offered during the hearing on remand. The court then determined the complaint lacked legal merit because there was no evidence of criminal intent. Accordingly, despite the trial court's reference to the D.A.'s discretion, we are satisfied the court determined, based on its own *de novo* consideration of the record, that there was no legal merit to Guarrasi's complaint.

¶ 12 Upon our own review, we reach the same conclusion. Having examined the record, we find it simply does not contain evidence that the detective had any criminal intent. Absent some evidence of culpable intent, the complaint lacked legal merit. Accordingly, we affirm the court's order upholding the D.A.'s disapproval of Guarrasi's complaint.

¶ 13 Order affirmed. Jurisdiction relinquished.