J-S44015-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DAVID BROWN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| NANCY G. GIROUX, SUPT. AT SCI ALBION, CHERYL GILL, RECORDS SUPERVISOR AT SCI ALBION, AND JACK DANERI, DISTRICT ATTORNEY OF ERIE COUNTY, PA | |
| Appellees | No. 2023 WDA 2014 |

Appeal from the Order December 3, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-MD-0000672-2014

BEFORE:  LAZARUS, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED AUGUST 11, 2015**

Appellant, a prisoner at SCI[1] Albion, appeals from an order dismissing his private criminal complaint against two prison officials and a district attorney for "unlawfully restraining [his] liberty without a valid sentencing order."  We affirm.

In 1988, Appellant was charged in Philadelphia with criminal offenses at three caption numbers.[2]  In 1989, he was convicted in all three cases and

_____

[1] State Correctional Institution.

[2] CP-51-CR-1226781-1988, CP-51-CR-0909331-1988, CP-51-CR-0609531-1988.

was sentenced to an aggregate of 4-13 years' imprisonment. He completed service of these sentences in 2002.

In 2010, Appellant was convicted in Lebanon County of fleeing and eluding a police officer[3] and was sentenced to 1-5 years' imprisonment.[4] He is presently serving his Lebanon County sentence at SCI Albion in Erie County.

In 2012, Appellant submitted a request to the Pennsylvania Department of Corrections ("DOC") for copies of his judgments of sentence ("sentencing orders") in two of the 1988 Philadelphia cases. The DOC denied Appellant's request on the ground that the records no longer exist.

On June 29, 2012, Appellant submitted an Inmate Request To Staff Member requesting his sentencing orders in the Philadelphia cases. On July 9, 2012, Appellant's Unit Manager wrote to Appellant: "SCI-Albion is in possession of the DC-300B Court Commitment form with the official seal of your sentencing court in your case. This document is legally sufficient to hold you in the Pennsylvania Department of Corrections' custody."

On August 22, 2014, Appellant filed a private criminal complaint against SCI Albion's superintendent and records supervisor alleging official

---

[3] 75 Pa.C.S. § 3733.

[4] CP-38-CR-0000700-2010.

oppression and false imprisonment.[5] According to Appellant, SCI Albion had the duty under 42 Pa.C.S. § 9764[6] to maintain possession of his sentencing orders from the Philadelphia cases, and its failure to produce copies of these orders rendered his sentences void *ab initio* and transformed his imprisonment into involuntary servitude in violation of the Thirteenth Amendment. Appellant demanded that SCI Albion's officials be prosecuted, apparently because Appellant believed that prosecution of these officials would bring about his own release on his Lebanon County conviction.

Notably, Appellant did not challenge the lawfulness of his sentence in the Lebanon County case or claim that SCI Albion lacks possession of the Lebanon County sentencing order.

On October 7, 2014, the Erie County District Attorney declined to prosecute Appellant's complaint. On October 22, 2014, Appellant filed a petition for review in the Court of Common Pleas of Erie County challenging

_____

[5] 18 Pa.C.S. §§ 5301 and 2903, respectively.

[6] Section 9764 provides in relevant part:

> Upon commitment of an inmate to the custody of the Department of Corrections, the sheriff or transporting official shall provide to the institution's records officer or duty officer, in addition to a copy of the court commitment form DC-300B generated from the Common Pleas Criminal Court Case Management System of the unified judicial system, the following information: ... A copy of the sentencing order and any detainers filed against the inmate which the county has notice.

42 Pa.C.S. § 9764(a)(8).

the District Attorney's denial of his private criminal complaint. The Commonwealth filed a response that Appellant was lawfully under sentence in the Lebanon County case. On December 3, 2014, the Erie County court entered an opinion and order denying Appellant's petition. Appellant thereupon filed a timely appeal to this Court. Without ordering Appellant to file a Pa.R.A.P. 1925(b) statement, the Erie County court filed a statement under Pa.R.A.P. 1925(a) referring this Court to its December 3, 2014 opinion and order.

Appellant raises one argument in this appeal, which we rephrase for purposes of brevity: the Erie County District Attorney abused its discretion by denying Appellant's private criminal complaint, because Appellant made a "strong *prima facie* showing" that SCI Albion's superintendent and record keeper are violating Pennsylvania law and Appellant's constitutional rights.

The pertinent legal principles are as follows:

A district attorney ('D.A.') has the authority to approve or disapprove private criminal complaints. Pa.R.Crim.P. 506(A).[7] If the D.A. decides to disapprove a private complaint, the D.A. must advise the affiant of the reasons for the disapproval. *Id.* at (B)(2). A disapproval may be based on purely legal grounds (*e.g.,* the complaint does not state a *prima facie* case or, even if it does so, the D.A.'s investigation into the matter reveals there is no evidentiary merit to the complaint). ***In re Private Criminal Complaint of Wilson****,* 879 A.2d 199, 211–12 (Pa.Super.2005). Alternatively, the choice to disapprove a complaint may be a matter of policy (*e.g.,* even if the case has legal merit, prosecution thereof would not serve the public interest). *Id.* at 212. Finally, the disapproval of a private complaint may be a hybrid of both legal and policy reasons. *Id.*

If a D.A. disapproves a private criminal complaint, the private affiant may appeal that disapproval to the Court of Common Pleas. Pa.R.Crim.P. 506(B)(2). In such an appeal, the court must first correctly identify the nature of the D.A.'s reason(s) for disapproving the complaint. ***Wilson****,* 879 A.2d at 212. If the

---

[7] Pa.R.Crim.P. 506 provides in full:

**Rule 506. Approval of Private Complaints**

(A) When the affiant is not a law enforcement officer, the complaint shall be submitted to an attorney for the Commonwealth, who shall approve or disapprove it without unreasonable delay.

(B) If the attorney for the Commonwealth:

(1) approves the complaint, the attorney shall indicate this decision on the complaint form and transmit it to the issuing authority;

(2) disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the affiant. Thereafter, the affiant may petition the court of common pleas for review of the decision.

*Id*.

D.A.'s decision was based on legal grounds, the court undertakes *de novo* review to determine whether the D.A. reached a proper legal conclusion. *Id.* However, if the D.A. based the disapproval on policy reasons, the court applies an abuse of discretion standard, deferring to the D.A.'s decision absent bad faith, fraud or unconstitutionality on the latter's part. *Id.* Lastly, if the D.A. relied on a hybrid of legal and policy bases, the court reviews the D.A.'s decision for an abuse of discretion. *Id.*

When this Court reviews a Common Pleas Court's decision concerning private criminal complaints, our review is congruent with the standard that was to be applied by the Common Pleas Court. Thus, where a D.A. denied a complaint on purely legal grounds and where the Common Pleas Court was therefore to undertake *de novo* review, we review the Common Pleas Court's decision for an error of law, thereby applying a *de novo* standard and a plenary scope of review. *Id.* at 214. However, where the D.A. denied the complaint on a policy basis or a hybrid of legal and policy bases, and where the Common Pleas Court was therefore to apply an abuse of discretion standard, we similarly review the court's decision for an abuse of discretion. *Id.* at 215. An abuse of discretion is not a mere error in judgment. *Id.* It is a decision based on bias, partiality, prejudice, ill will, manifest unreasonableness, or misapplication of law. *Id.*

***Commonwealth ex rel. Guarrasi v. Carroll***, 979 A.2d 383, 385-86 (Pa.Super.2009).

The District Attorney disapproved Appellant's private criminal complaint on the legal ground that Appellant was lawfully serving his Lebanon County sentence at SCI-Albion. Thus, the Erie County court's standard of review and our standard of review is *de novo*. ***Carroll***, 979 A.2d at 385.

The Crimes Code defines official oppression as follows:

A person acting or purporting to act in an official capacity or taking advantage of such actual or purported capacity commits a misdemeanor of the second degree if, knowing that his conduct is illegal, he:

(1) subjects another to arrest, detention, search, seizure, mistreatment, dispossession, assessment, lien or other infringement of personal or property rights; or

(2) denies or impedes another in the exercise or enjoyment of any right, privilege, power or immunity.

18 Pa.C.S. § 5301. The Crimes Code defines false imprisonment in relevant part as follows: "[A] person commits a misdemeanor of the second degree if he knowingly restrains another unlawfully so as to interfere substantially with his liberty." 18 Pa.C.S. § 2903(a).[8]

Applying the *de novo* standard of review, we conclude that the Erie County District Attorney properly dismissed Appellant's private criminal complaint on legal grounds. In 2010, Appellant was sentenced to a term of 1-5 years' imprisonment in the Lebanon County case. Individuals serving maximum terms of imprisonment of five years or more must serve their sentence at a state institution. **Commonwealth v. Townsend**, 693 A.2d 980, 982 (Pa.Super.1997) (citing 42 Pa.C.S. 9762). Because SCI Albion is a state institution, it is legal for Appellant to serve his sentence there. He was legally at SCI Albion at the time he filed his private criminal complaint in 2014, because his sentence did not expire until 2015. Therefore, Appellant's claims of official oppression and false imprisonment lack merit.

_____

[8] The remainder of section 2903 concerns unlawful imprisonment of minors, a subject not relevant here.

- 7 -

Appellant's argument is hard to follow, but it appears to consist of three points: (1) the DOC's failure to produce the Philadelphia sentencing orders shows that the Philadelphia court never entered judgments of sentence; (2) this "failure to enter judgment" nullifies his Philadelphia convictions; and (3) absent the Philadelphia convictions, his Lebanon County sentence has already expired, rendering him a "modern day slave[]" at SCI Albion. Brief For Appellant, p. 14. This is nonsense. The docket entries from the Philadelphia cases, which the Commonwealth submitted in its response to Appellant's petition, demonstrate that the Philadelphia court entered a judgment of sentence in each case. The aggregate term of the Philadelphia sentences was 4-13 years' imprisonment, and Appellant completed serving these sentences in 2002. Appellant's 1-5 year Lebanon County sentence is an entirely separate legal event arising from a different crime long after completion of Appellant's Philadelphia sentences; the validity of the Lebanon County sentence does not depend at all on the Philadelphia sentences. Because the Lebanon County sentence began running in 2010, it remained in force at the time of Appellant's private criminal complaint, thus validating his confinement at SCI Albion.

For these reasons, the Erie County court properly denied Appellant's petition for review of the Erie County District Attorney's disapproval of Appellant's private criminal complaint.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/11/2015