J-A14034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| STANLEY J. CATERBONE AND ADVANCED MEDIA GROUP, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| LANCASTER CITY POLICE, | |
| Appellee | No. 1915 MDA 2015 |

Appeal from the Order Entered September 29, 2015
in the Court of Common Pleas of Lancaster County
Criminal Division at No.: CP-36-MD-0001108-2015

BEFORE:  BOWES, J., OTT, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:               **FILED MAY 11, 2016**

Appellant, Stanley J. Caterbone, appeals *pro se* from the September 29, 2015, order of the Court of Common Pleas of Lancaster County upholding the District Attorney's disapproval of his private criminal complaint.  The Commonwealth has filed a motion to quash.  For the reasons set forth herein, we grant the Commonwealth's motion and quash the appeal.

Although the facts of this case are not readily apparent, it is evident from the record that Appellant filed a Private Criminal Complaint directly with the District Attorney against the Chief of the Lancaster City Police

---

[*] Retired Senior Judge assigned to the Superior Court.

Department, the Department, a Detective and four police officers, two named and two listed as John Doe 1 and John Doe 2. (***See*** Private Criminal Complaint, 7/27/15, at 1).

Appellant's brief substantially fails to comply with our rules of appellate procedure. It is thirteen pages long and consists of a cover page, an instruction Order from the Superior Court, eleven pages that consist of a half-page "CONCISE STATEMENT OF MATTERS COMPLAINED," and a nine and a half-page section entitled, "BRIEF," which appears to be an unsuccessful attempt at an argument section. (Appellant's Brief, at 3; ***see id.*** at 1-13). He also attaches two orders from the common pleas court, both with a Superior Court Docket No. 1108 MD 2015; the letter from the District Attorney's Office dated August 31, 2015, indicating disapproval of the private complaint; and finally, the two pages of the complaint itself. (***See id.*** at attachments).

The complaint states that the acts committed by the accused were: "Working Theory confirmed by Experts Cheryl Welsh and Derrick Robinson, both Targeted individuals of U.S. Sponsored Mind Control 'It is known in the community by a [sic] some [sic] that 'they' will Target and [sic] individual (Stan J. Caterbone) and Target others in the COMMUNITY (Lancaster) to HARASS, STALK, Etc.,) in order to drive the ORIGINAL Target to Suicide." (Private Criminal Complaint, 7/27/15, at 2). The complaint then goes on to state that the acts committed violated "Sec. 2901 of Title 18 and Section

3503 of Title 18." (*See id.*). Section 2901 involves the crime of kidnapping, and Section 3503 prohibits criminal trespass. *See* 18 Pa.C.S.A. §§ 2901, 3503.

On August 31, 2015, the District Attorney's Office of Lancaster County denied Appellant's criminal complaint. Appellant appealed to the trial court, which affirmed the denial on September 29, 2015. Appellant timely appealed.[1]

On February 22, 2016, the Appellee, the District Attorney of Lancaster County, filed a motion to quash this appeal. On March 11, 2016, Appellant filed an answer. Action on the motion was deferred to the merits panel by April 1, 2016 *per curiam* order. The motion to quash was premised on Appellant's failure to follow the dictates of Pa.R.A.P. 2111. (*See* Motion to Quash, 2/22/16, at 1-2). The answer, while sixty-five pages long, did not address any of the allegations of the motion. (*See* Answer to Motion to Quash, 3/11/16, at 1-65).

As this Court has reiterated on numerous occasions:

> While [we are] willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because [he] lacks legal training. As our [S]upreme [C]ourt has explained, any layperson choosing to represent [himself] in a legal proceeding must, to some

---

[1] On November 25, 2015, Appellant filed a Rule 1925(b) statement of errors complained of on appeal pursuant to the court's order. *See* Pa.R.A.P. 1925(b). The court filed an opinion on December 9, 2015. *See* Pa.R.A.P. 1925(a).

reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing.

*O'Neill v. Checker Motors Corp.*, 567 A.2d 680, 682 (Pa. Super. 1989) (citations and quotation marks omitted); *accord Branch Banking & Trust v. Gesiorski*, 904 A.2d 939, 942 (Pa. Super. 2006); *Smathers v. Smathers*, 670 A.2d 1159, 1160 (Pa. Super. 1996). Indeed, "*pro se* status does not entitle a party to any particular advantage because of his or her lack of legal training." *First Union Mortgage Corp. v. Frempong*, 744 A.2d 327, 333 (Pa. Super. 1999).

The Pennsylvania Rules of Appellate Procedure provide, in relevant part:

> Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101.

Because of the substantial defects in Appellant's brief in a companion case listed before this same panel, we were unable to conduct a meaningful review of the appeal's merits. (*See Caterbone v. Residents of the County of Lancaster Pennsylvania*, No. 1561 MDA 2015, J-A14016-16 (Pa. Super. May 10, 2016)). Likewise, we are unable to do so in this case.

Appellant's brief does not contain a statement of jurisdiction, a statement of the order in question, a statement of the scope and standard of review, a statement of the questions involved, or a conclusion "stating the

- 4 -

precise relief sought." Pa.R.A.P. 2111(a). Indeed, upon our review of Appellant's brief, we are unable to discern why he believes the trial court's denial of his petition was incorrect, or the nature of his underlying claims. The brief contains a long quotation from the Mental Health Procedures Act, a purported involuntary commitment petition under Section 302 of that Act, **see** 50 P.S. § 7302, the Act of July 9, 1976, No. 143, § 302, as amended, a letter to the editor written by Appellant, and a copy of a complaint he filed in federal court. (**See** Appellant's Brief, at 4-13). It does not contain any argument. (**See id.**). "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof." **Commonwealth v. Maris**, 629 A.2d 1014, 1017 (Pa. Super. 1993) (citation omitted). Therefore, we grant Appellee's motion to quash this appeal.

Moreover, if we were to consider the validity of the trial court's ruling, we would find Appellant is entitled to no relief.

> When this Court reviews a Common Pleas Court's decision concerning private criminal complaints, our review is congruent with the standard that was to be applied by the Common Pleas Court. Thus, where a D.A. denied a complaint on purely legal grounds and where the Common Pleas Court was therefore to undertake *de novo* review, we review the Common Pleas Court's decision for an error of law, thereby applying a *de novo* standard and a plenary scope of review. However, where the D.A. denied the complaint on a policy basis or a hybrid of legal and policy bases, and where the Common Pleas Court was therefore to apply an abuse of discretion standard, we similarly review the court's decision for an abuse of discretion. An abuse of discretion is not a mere error in judgment. It is a decision based on bias, partiality, prejudice, ill will, manifest unreasonableness,

- 5 -

or misapplication of law.

***Commonwealth ex rel. Guarrasi v. Carroll***, 979 A.2d 383, 385–86 (Pa. Super. 2009) (citations omitted).

An examination of the private criminal complaint in this case reveals it fails to contain a "summary of the facts sufficient to advise the defendant of the nature of the offense charged," as required by the Pennsylvania Rules of Criminal Procedure. Pa.R.Crim.P. 504(6)(a). Rather, it merely attaches a series of unexplained documents and photographs similar to those attached to Appellant's brief herein. (**See** Private Criminal Complaint, 7/25/15, at Attachments; Appellant's Brief, at 2-13). As noted by the trial court in its December 9, 2015 opinion, Appellant's petition for review of the denial of the private complaint "was too convoluted to discern any potential grounds for approv[al]," and the 200-plus page petition contains many inconceivable allegations and exhibits, such as involvement of the Lancaster County bench in "U.S. sponsored mind control," and government invasion of his "thoughts via remote sensing technologies and introducing poisonous gas into his home." (Trial Court Opinion, 12/09/15, at unnumbered pages 2-3).

We agree with the trial court that the petition presented no cognizable grounds for the filing of a criminal complaint.

Therefore, under either standard of **Carroll**, it is obvious that the trial court ruling would have been affirmed. **See Carroll**, **supra** at 385-86.

Commonwealth's motion granted.  Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/11/2016