**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: OLIVER ELLIS | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| APPEAL OF: OLIVER ELLIS | |
| | No. 2201 MDA 2015 |

Appeal from the Order Entered November 17, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-MD-0001520-2015

BEFORE:  BOWES, SHOGAN AND FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.:　　　　　**FILED OCTOBER 24, 2016**

Oliver Ellis appeals from the order affirming the disapproval of his private criminal complaint by the Office of the District Attorney of Dauphin County ("District Attorney").  We affirm.

This case involves the District Attorney's denial of Appellant's private complaint wherein Appellant sought to file assault charges against John Sanks, III.  The pertinent factual background is taken from the certified record.  On June 1, 2013, Harrisburg City Police responded to the intersection of Harris and North 6th Streets for a reported motor vehicle accident.  Appellant was located on the sidewalk near the intersection, and told police he did not know what had happened.  The officers observed that Appellant was disoriented, displayed slurring of his speech, and had

---

* Former Justice specially assigned to the Superior Court.

bloodshot eyes. Appellant was taken to Harrisburg Hospital, where he consented to a blood draw. Subsequent testing revealed that Appellant's blood alcohol level was 0.194, and he was later charged with driving under the influence. The police learned that Appellant struck a motorcyclist, Brian Sanks, when Appellant entered the motorcycle's lane of travel. Appellant did not mention any assault when speaking to officers at the hospital.

In May 2015, almost two years after the incident, Appellant contacted the Harrisburg City Police to file charges, claiming that John Sanks, III, the brother of the injured motorcyclist, punched Appellant in the back of the head shortly after the crash. He named two witnesses to the assault: Eric Tarter and George Waters, whom the police then interviewed. Mr. Tarter confirmed he was at the scene of the incident, but said he arrived after Appellant was on the sidewalk and did not see the alleged attack. Mr. Waters confirmed that a male had punched Appellant, but was unable to identify the assailant. The police closed the case for lack of evidence. Letter, 10/20/15 (Exhibit to Petition for Review of Decision to Disapprove Private Criminal Complaint, 11/2/15).

Rebuffed by the police, Appellant submitted a private complaint on October 3, 2015, for district attorney approval pursuant to Pa.R.Crim.P. 506. The rendition of the facts in the complaint was as follows:

> On the aforementioned date, the Defendant, following a motor vehicle accident involving the Defendant, the Defendant's brother, Brian, and myself, punched me in the back of my head,

causing me to lose consciousness and as a result, sustain a concussion. I do not remember anything following the punch, but Mr. George Waters witnessed the entire incident. Other injuries sustained include burns to my head and right arm as well as a black eye.

Private Complaint, 10/03/15.

The District Attorney denied the complaint on October 20, 2015, with a corresponding letter explaining its reasons. The letter informed Appellant that its office had reviewed the Harrisburg City Police files and highlighted the fact that the witnesses could not identify the alleged culprit. Additionally, the reviewing prosecutor set forth her opinion that Appellant's testimony was unlikely to be credited, since he told police at the time that he could not recall what had happened and waited almost two years to make his allegations.

On November 2, 2015, Appellant filed a petition for review with the Court of Common Pleas of Dauphin County pursuant to Rule.[1] The court ordered the District Attorney to file a response, and the Commonwealth

---

[1] (B) If the attorney for the Commonwealth:

. . .

> (2) disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the affiant. Thereafter, the affiant may petition the court of common pleas for review of the decision.

Pa. R.Crim.P 506(B)(2).

complied on November 13. The court denied the petition four days later. Appellant filed a timely notice of appeal. Appellant and the trial court complied with the requirements of Pa.R.A.P. 1925, and the matter is now ready for our review. Appellant presents two issues:

> I.     Whether the [t]rial [c]ourt committed an error of law when it denied [Appellant's] Petition for Review from the [d]enial of his Private Criminal Complaint, where the District Attorney based its denial on legal conclusions, and where the private criminal complaint set forth a *prima facie* case of criminal conduct which was supported by factual assertions which were corroborated by its investigation?

> II.     Whether the [t]rial [c]ourt committed an abuse of discretion when it denied [Appellant's] Petition for Review from the [d]enial of his Private Criminal Complaint, where the District Attorney based its denial on policy, or a hybrid of policy and legal reasoning, and where the denial was done with bad faith, fraud, or unconstitutionality?

Appellant's brief at 4.

Our review is confined to the trial court's review of the District Attorney's decision.

> When an appeal is brought from a common pleas court's decision regarding the approval or disapproval of a private criminal complaint, an appellate court is limited to ascertaining the propriety of the *trial court's* actions. Thus, our review is limited to determining whether the trial court abused its discretion or committed an error of law.

*Commonwealth v. Brown*, 669 A.2d 984, 990 (Pa.Super. 1995) (*en banc*) (emphasis in original). The trial court itself applies different standards depending on the prosecution's reasons for denying the complaint. "The

- 4 -

trial court must first correctly identify the nature of the district attorney's reason(s) for denying a private criminal complaint." ***In re Wilson***, 879 A.2d 199, 212 (Pa.Super. 2005) (*en banc*). The determinative factor is whether the Commonwealth decision was based solely on legal grounds, or whether a policy consideration played a role.

> When the Commonwealth's disapproval is based wholly on legal considerations, the court employs a *de novo* review. Where the decision includes or is entirely based on policy considerations, the trial court reviews the Commonwealth's determination under an abuse of discretion standard.

***Braman v. Corbett***, 9 A.3d 1151, 1157–58 (Pa.Super. 2011) (citations omitted). The trial court's selection of standard is itself subject to an abuse of discretion review. ***Commonwealth v. Cooper***, 710 A.2d 76, 80 (Pa.Super. 1998) ("Regarding appellant's second argument, that the district attorney's decision was solely a legal conclusion, we find no abuse of discretion in the trial court's determination that the decision was based on policy considerations.").

Instantly, the trial court applied an abuse of discretion standard, finding that the complaint was denied, in part, for policy reasons. Appellant maintains that the court should have applied a *de novo* standard.

> Despite admitting that the disapproval of the Private Criminal Complaint was based solely upon legal reasons, in its Response, the Commonwealth makes several claims that could be considered policy justifications for its denial. However, it is important to point out that this was **not** raised when the District Attorney denied the Private Criminal Complaint, but was only raised when this decision was questioned before the Trial Court.

- 5 -

Appellant's brief at 13 (emphasis in original). We disagree. The trial court's opinion states, in pertinent part:

> In the instant matter, the Commonwealth articulated a hybrid of legal and policy rationale in support of its denial. The Deputy District Attorney cited the unlikelihood of successfully prosecuting Mr. Sanks where the alleged conduct could not be corroborated by any witnesses and the alleged assailant could not be positively identified.

Trial Court Opinion, 3/7/16, at 5.

The trial court clearly did not abuse its discretion in finding that the district attorney articulated a hybrid rationale. We recognize Appellant's argument that the District Attorney relied solely upon a legal reason in denying the complaint. As Appellant points out, the letter appended to the disapproval states, "[B]ased upon the lack of evidence, and thus an inability to prove the case beyond a reasonable doubt, your Private Criminal Complaint has been disapproved." Letter, 10/20/15, at 3 (Exhibit to Petition for Review of Decision to Disapprove Private Criminal Complaint, 11/2/15). We agree that the phrase "inability to prove the case beyond a reasonable doubt" is a legal conclusion evaluating the sufficiency of the evidence. Nevertheless, we find it is abundantly clear from the context of the letter as a whole that the prosecutor believed the likelihood of securing a conviction was minimal. To the extent that notion is in dispute, the Commonwealth's

response to the trial court's order dispels it.[2] "In reviewing the information submitted from the police, as well as Mr. Ellis, it would be highly unlikely that the case could be proven beyond a reasonable doubt to a jury." Commonwealth Response, 11/13/15, at unnumbered 4. We have held that a statement declaring a minimal likelihood of conviction implicates policy and is subject to the abuse of discretion standard:

> Here, the District Attorney disapproved Appellant's private criminal complaint for mixed reasons of law and policy. The trial court correctly applied due deference to that decision, in recognition of the District Attorney's duty to conserve and devote the resources of his office to cases in which there is a likelihood of a conviction.

*In re Wilson*, *supra* at 218. Therefore, the trial court properly applied the abuse of discretion standard.

---

[2]  Appellant recognizes that the Commonwealth's response articulates a policy rationale. "Despite admitting that the disapproval of the Private Criminal Complaint was based solely upon legal reasons, in its Response, the Commonwealth makes several claims that could be considered policy justifications for its denial." Appellant's brief at 13. We discern Appellant's argument to be that the trial court erred in its scope of review by considering the Commonwealth's November 13, 2015 response.

However, the trial court is clearly permitted to consider the Commonwealth's response. *See Commonwealth ex rel. Guarrasi v. Carroll*, 979 A.2d 383 (Pa.Super. 2009) (record was not clear as to whether prosecutor declined to prosecute for legal reasons, policy reasons, or hybrid of both; remanded for evidentiary hearing on that issue).

Having determined the trial court applied the correct standard, we now proceed to review the trial court's denial of the petition. Appellant must show that

> the decision not to prosecute was "patently discriminatory, arbitrary or pretextual, and therefore not in the public interest." We will not disturb the trial court's ruling unless "there are no reasonable grounds for the court's decision, or the court relied on rules of law that were palpably wrong or inapplicable."

*Braman v. Corbett*, 19 A.3d 1151, 1158 (Pa.Super. 2011).

Appellant does not attempt to show the District Attorney decision was discriminatory, arbitrary, or pretextual. Nor does Appellant dispute the accuracy of the facts as revealed by the District Attorney's investigation of the police reports. Instead, Appellant merely repeats his argument, which we have rejected, that the trial court "suppl[ied] its own policy justification for the District Attorney's disapproval, and thereby appl[ied] the incorrect, and notably more deferential, standard." Appellant's brief at 15.

As the Commonwealth correctly notes, its investigation failed to produce any corroborating evidence whatsoever that Mr. Sanks punched him in the back of the head. At best, the eyewitnesses supplied by Appellant can testify only that **someone** punched Appellant. The reviewing prosecutor pointed out that Appellant did not mention to the police any assault at the time of the incident, and did not press charges for over two years. Those reasons alone justify the trial court's deference to the Commonwealth's decision not to prosecute. As we stated in *Braman*:

> Even if the facts recited in the complaint make out a *prima facie* case, the district attorney cannot blindly bring charges, particularly where an investigation may cause him to question their validity. Forcing the prosecutor to bring charges in every instance where a complaint sets out a *prima facie* case would compel the district attorney to bring cases he suspects, or has concluded *via* investigation, are meritless. The public prosecutor is duty bound to bring only those cases that are appropriate for prosecution. This duty continues throughout a criminal proceeding and obligates the district attorney to withdraw charges when he concludes, after investigation, that the prosecution lacks a legal basis.

*Id*. at 1159 (citing **In re Ullman**, 995 A.2d 1207, 1213–14 (Pa.Super. 2010)).

The only argument marshaled against the Commonwealth's exercise of discretion is a cursory statement that the "denial was done with bad faith, fraud, or unconstitutionality." Appellant's brief at 13. Moreover, Appellant claims the office failed to set forth any established policy justifying the disapproval. However, the Commonwealth is not required to do so. **See Braman**, **supra** at 1162 (prosecution not required to submit evidence of a policy when rejecting complaint on basis that a conviction is unlikely). The District Attorney is permitted to conserve and devote resources of the office to cases in which there is a likelihood of conviction. **In re Wilson**, **supra** at 218. Accordingly, reasonable grounds exist for the trial court's decision and we therefore find no abuse of discretion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/24/2016</u>