J-S19040-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: THEODORE J. DAVENPORT | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: THEODORE J. | : | |
| DAVENPORT | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 766 MDA 2016 |

Appeal from the Order Entered April 27, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-MD-0000648-2016

BEFORE:   GANTMAN, P.J., BENDER, P.J.E. and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MARCH 10, 2017**

Appellant, Theodore J. Davenport, appeals *pro se* from the order entered on April 27, 2016, in the Criminal Division of the Court of Common Pleas of Dauphin County that affirmed the district attorney's denial of Appellant's private criminal complaints.   After a careful review, we affirm.

The relevant facts and procedural history are as follows: In August of 2011, Appellant pled guilty to two counts of robbery, and for each count, he was sentenced to a mandatory minimum term of 120 months to 240 months in prison, the sentences to run concurrently.  Appellant did not file a direct appeal to this Court; however, on March 5, 2012, he filed a collateral petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§

_____

[*] Former Justice specially assigned to the Superior Court.

9541-9546. Following the dismissal of this petition on August 20, 2013, Appellant filed an appeal to this Court, and we affirmed. *See Commonwealth v. Davenport*, 2014 WL 10936923 (Pa.Super. filed 5/19/14) (unpublished memorandum).

Thereafter, Appellant filed four private criminal complaints. Specifically, as explained by the trial court:

> [Appellant] filed four private criminal complaints in November [of] 2015. [The complaints named Detectives John O'Connor and Quinton Kennedy, as well as two unknown female officers.]...The complaints allege that four officers conspired to forge Magisterial District Judge George A. Zozos' signature on several documents relating to [Appellant's] November 2010 arrest. The crimes alleged are: criminal solicitation, criminal conspiracy, forgery, fraudulent destruction, tampering with records/identification, identity theft, perjury, false swearing, tampering with or fabricating physical evidence, tampering with public records/information, impersonating a public servant, obstructing administration of law, obstructing or impeding the administration of justice[,] and official oppression.
>
> Detective John Goshert investigated and the officers in question indicated there was nothing unusual about the arrest[.] [H]e also spoke with [Magisterial District Judge] Zozos who confirmed the signature on the documents is his. Detective Goshert also spoke with [Appellant] about his claims.

Trial Court Order/Opinion, filed 4/27/16.[1]

By letter dated March 15, 2016, the District Attorney's Office disapproved Appellant's four private criminal complaints. In so doing, the district attorney provided the following reasons:

---

[1] The trial court's order/opinion is not paginated.

I have reviewed the November 2015 private criminal complaints and I had CID Detective John Goshert investigate this matter.

Detective Goshert spoke with you via telephone. You informed him that you were taken into custody by the Harrisburg Police on Wednesday, November 10, 2010. You remained in their custody from approximately Noon until 4:00/5:00 p.m. It was during this time that you allege you heard Detective O'Connor say to another officer that the judge did not sign the criminal complaint. When you received the charging documents, you noticed the signature of Magisterial District Judge George Zozos did not look like it was completely signed. You suspected that Detective O'Connor and other officers forged the judge's name. When Detective Goshert asked you why you never brought this issue up during the time of your court proceedings, you indicated that your Public Defender Jessica Bush advised she was not "going down that road."

Detective Goshert then interviewed both Detective O'Connor and Detective Kennedy. They denied forging the judge's signature. They asserted there was nothing unusual about your arrest.

On February 8, 2016, Detective Goshert interviewed [Magisterial District Judge] Zozos concerning your allegations. He stated that he has no direct knowledge about the situation as he signs thousands of documents every year. However, when shown the documents in question, he verified his signature. He stated that he must have been in a hurry that day, but that it was definitely his signature on the documents.

Since [Magisterial District Judge] Zozos confirmed there was no wrongdoing in this matter, your private criminal complaints are [ ] disapproved.

District Attorney's Letter, dated 3/15/16.[2]

Appellant filed with the trial court petitions for review of the disapproval of the private criminal complaints, and by order/opinion entered

---

[2] This document is not paginated.

on April 27, 2016, the trial court denied the petitions. This timely *pro se* appeal followed. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement, Appellant timely complied, and the trial court filed a brief statement pursuant to Pa.R.A.P. 1925(a).

Initially, we note that, although he purports to present sixteen issues for our review, many of the issues are overlapping and/or repetitive. Moreover, we note that Appellant's *pro se* brief is confusing, unorganized, and redundant. However, upon review, we have discerned the following issues: (1) the district attorney erred and had an insufficient basis to disapprove Appellant's private criminal complaints since she failed to conduct an adequate investigation;[3] (2) the district attorney erred in concluding there was insufficient evidence of the forgery since the signature was not that of a full name but consisted only of initials and Detective O'Connor made accompanying statements of intent; (3) by failing to recognize the signature was a forgery, the district attorney and the lower court violated Appellant's due process rights; and (4) assuming the magisterial district judge wrote the initials, as opposed to the officers, the use of initials was improper, thus voiding the criminal complaints against Appellant.

_____

[3] Appellant points to various ways in which the district attorney's investigation was allegedly inadequate, including failing to conduct an independent investigation, failing to attempt to learn the identity of the two female officers who were present when the forgery occurred, and failing to consider whether Magisterial District Judge Zozos was on duty at the time in question.

We note the following legal precepts, which are relevant to this case. Pennsylvania Rule of Criminal Procedure 506 provides for the submission of private criminal complaints to an attorney for the Commonwealth, "who shall approve or disapprove it without unreasonable delay." Pa.R.Crim.P. 506(A). The rule further provides that "if the Commonwealth's attorney disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the affiant. Thereafter, the affiant may petition the court of common pleas for review of the decision." Pa.R.Crim.P. 506(B)(2).

Our examination of a trial court's review of the district attorney's decision to disapprove a private criminal complaint implicates the following:

> [W]hen the district attorney disapproves a private criminal complaint solely on the basis of legal conclusions, the trial court undertakes *de novo* review of the matter. Thereafter, the appellate court will review the trial court's decision for an error of law. As with all questions of law, the appellate standard of review is *de novo* and the appellate scope of review is plenary.
>
> * * *
>
> [W]hen the district attorney disapproves a private criminal complaint on wholly policy considerations, or on a hybrid of legal and policy considerations, the trial court's standard of review of the district attorney's decision is abuse of discretion. This deferential standard recognizes the limitations on judicial power to interfere with the district attorney's discretion in these kinds of decisions.

*In re Wilson*, 879 A.2d 199, 214-15 (Pa.Super. 2005) (*en banc*) (citations omitted).

A private criminal complaint must at the outset set forth a *prima facie* case of criminal conduct. *In re Private Complaint of Adams*, 764 A.2d

- 5 -

577 (Pa.Super. 2000). Nevertheless, even "a well-crafted private criminal complaint cannot be the end of the inquiry for the prosecutor." *Id.* at 580. The district attorney must investigate the allegations of the complaint to permit a proper decision whether to approve or disapprove the complaint. *Commonwealth v. Muroski*, 506 A.2d 1312 (Pa.Super. 1986) (*en banc*). "[S]uch investigation is not necessary where the allegations of criminal conduct in the complaint are unsupported by factual averments. Both the district attorney and the trial court have a responsibility to prevent the misuse of judicial and prosecutorial resources in the pursuit of futile prosecutions." *Id.* at 1317 (citation omitted).

> Moreover,
>
> [E]ven if the facts recited in the complaint make out a *prima facie* case, the district attorney cannot blindly bring charges, particularly where an investigation may cause h[er] to question their validity. Forcing the prosecutor to bring charges in every instance where a complaint sets out a *prima facie* case would compel the district attorney to bring cases [s]he suspects, or has concluded *via* investigation, are meritless. The public prosecutor is duty bound to bring only those cases that are appropriate for prosecution. This duty continues throughout a criminal proceeding and obligates the district attorney to withdraw charges when [s]he concludes, after investigation, that the prosecution lacks a legal basis.

*In re Wilson*, 879 A.2d at 212 (quotation and citations omitted).

When the district attorney disapproves a private criminal complaint, based on the sufficiency of the evidence necessary to establish the elements of the crime charged, that decision is a legal conclusion subject to *de novo* review. *See Commonwealth ex rel. Guarrasi v. Carroll*, 979 A.2d 383,

385 (Pa.Super. 2009) (stating district attorney's disapproval of private criminal complaint due to lack of evidence to prove elements of crimes charged constitutes legal conclusion subject to *de novo* review).

With regard to Appellant's first claim, contrary to his averment, we conclude the district attorney adequately investigated the allegations made in Appellant's private criminal complaints in determining whether she should approve or disapprove the complaints. As the trial court succinctly indicated:

> As is the usual practice in the District Attorney's Office, [the district attorney] contacted a detective to investigate a claim of criminal activity. She followed the proper procedure in this matter. [The district attorney] utilized the evidence that Detective Goshert gathered to make her decision to deny the private criminal complaints. Her reasoning was set forth in a letter attached to the complaints.
>
> ***
>
> [Appellant] contends that [the district attorney] failed to conduct a full and thorough investigation of the evidence submitted by [Appellant]. Again, we note that Detective Goshert did thoroughly investigate the claims upon [the district attorney's] request. He also interviewed Magisterial District Judge George Zozos who confirmed that the signature was his, but also indicated he had no direct knowledge of that as he signs thousands of documents every year. He also interviewed [Appellant].

Trial Court Order/Opinion, filed 4/27/16. We find no error in this regard. Moreover, with regard to the issue of the district attorney's alleged failure to attempt to identify two female police officers and determine whether Magisterial District Judge Zozos was on duty, in light of the fact the magisterial district judge confirmed the signatures at issue belonged to him,

- 7 -

Appellant has not explained how the alleged additional information would have assisted the district attorney in making her decision.

With regard to Appellant's next two claims, *i.e.*, that the district attorney erred in concluding there was insufficient evidence that a crime occurred in this case and that the district attorney's/lower court's failure to recognize a crime occurred violated Appellant's due process rights, we find no relief is due.

In disapproving Appellant's private criminal complaints, the district attorney found no evidence of criminal wrongdoing; that is, she found no evidence that any person other than Magisterial District Judge Zozos signed his name to the documents at issue. Therefore, the district attorney's disapproval was based on a legal evaluation of the evidence, resulting in the conclusion that there was insufficient evidence necessary to establish the elements of the crimes charged in Appellant's private criminal complaints.[4] The certified record makes clear that the trial court correctly reviewed the district attorney's decision under the *de novo* standard. **See Carroll**, **supra**. Specifically, in conducting its *de novo* review, the trial court relevantly set forth the following:

_____

[4] Although Appellant cited several crimes in his private criminal complaints, the "gist" of the private criminal complaints was that, in the presence of other officers, a detective, without authorization, signed the Magisterial District Judge's signature on Appellant's criminal complaints. Accordingly, we find it unnecessary to set forth or discuss in detail the elements for each crime alleged by Appellant.

[Appellant] contends [the district attorney] erred as a matter of law when she issued the denial [since there was sufficient evidence]. [Appellant also] claims his [due process] rights...were violated.

The [private criminal] complaints and evidence do not show direct violations of any of these. The complaints reveal [Appellant's] belief that the officers forged [Magisterial District Judge] Zozos' signature; however, upon investigation, [Magisterial District Judge] Zozos confirmed that it was his signature. [He] has no reason to lie about the signature being his and as his statement indicates the signature is his, there is no basis for the complaints.

\*\*\*

[Appellant] contends that [the district attorney] erred as a matter of law because [Magisterial District Judge] Zozos informed Detective Goshert that he has no direct knowledge of the situation, but confirmed that the signature was his when it was not a signature on the documents, but rather just initials.

[Magisterial District Judge] Zozos indicated to Detective Goshert that it was his signature, albeit a sloppy signature. [Magisterial District Judge] Zozos is best situated to recognize his own signature and as he indicated he signs thousands of documents each year, one can presume that at some point the hand grows weary and the handwriting gets sloppier.

Trial Court Order/Opinion, filed 4/27/16. After an independent review of the certified record in this case, we accept the trial court's assessment and see no error in that decision. *See In re Ullman*, 995 A.2d 1207 (Pa.Super. 2010) (setting forth our review of trial court's determination following the trial court's *de novo* review). We remind Appellant that the district attorney "cannot blindly bring charges, particularly where an investigation may cause h[er] to question their validity." *In re Wilson*, 879 A.2d at 212 (quotation and citations omitted). In the case *sub judice*, after investigation, the district attorney concluded the allegations made in Appellant's private

criminal complaints were meritless, and thus, there was insufficient evidence of "wrongdoing." As this was within the district attorney's purview, and the trial court properly undertook a *de novo* review of the matter, we find no error.

In his final claim, Appellant argues that the "signatures" were actually initials. He further argues that, assuming the magisterial district judge wrote the initials, as opposed to the detective, the use of initials was improper, thus voiding the criminal complaints against Appellant. To the extent this claim is not otherwise waived for Appellant failing to present it within the context of his own criminal proceedings, we simply dispose of the issue by adopting the trial court's analysis that "[Magisterial District Judge] Zozos identified the signatures as his own [and not as his initials]. [H]e is the best situated to identify his own signature." Trial Court Order/Opinion, filed 4/27/16.

Based on the aforementioned, applying the appropriate appellate standard of review, we conclude Appellant failed to show the trial court committed an error of law in affirming the district attorney's denial of Appellant's private criminal complaints. ***See In re Ullman***, ***supra***. Accordingly, we affirm.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/10/2017