J-A02045-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ROBERT GENE REGA, PRIVATE CRIMINAL COMPLAINT | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: ROBERT GENE REGA | : : : : : : | |
| | : | No. 657 WDA 2020 |

Appeal from the Order Entered June 5, 2020
In the Court of Common Pleas of Greene County Criminal Division at
No(s):  CP-30-MD-69-2020

BEFORE:  BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED: JULY 1, 2021**

Robert Gene Rega, *pro se*, appeals from the June 5, 2020 order denying Rega's petition for review of the District Attorney's rejection of his private criminal complaint. Rega claims that the trial court applied an incorrect standard of review when it deferred to the District Attorney's decision to disprove the complaint, despite his claim that he presented evidence of a *prima facie* case. He also argues that the court erred by failing to hold an evidentiary hearing. We vacate and remand for further proceedings.

> [On February 20, 2020,] Mr. Rega submitted a Private Criminal Complaint to the Greene County District Attorney's Office, containing the following criminal allegations: Access Device Fraud (F-3) and Access Device Fraud (M-3).
>
> Mr. Rega is an inmate at the State Correctional Institute at Phoenix (SCI-Phoenix), and seeks to bring criminal charges against Flora Bennett[,] an employee at Compati Home Health Care, for alleged conduct relating to the unauthorized replacement of [Rega's mother's] Mastercard Debit Card, the changing of account numbers and pin numbers, withholding said information

> from Mr. Rega, Power of Attorney of Ms. Rega, and maintaining control over said Mastercard despite the fact that they (Compati) are no longer providing services to Ms. Rega.
>
> Mr. Rega indicates that Ms. Rega is being held "captive" by the Department of Aging, in The Greenery Center for Rehabilitation and Nursing and that Ms. Rega's Debit Card is being held "hostage" by Flora Bennett and/or Compati Home Health Care.

Trial Court Opinion, 6/05/20, at 5-6.

On May 13, 2020, Assistant District Attorney Andrew Lock disapproved the private complaint, citing a "lack of evidence." *Id.* at 7. Rega appealed the disapproval of his private complaint to the Court of Common Pleas. *See* Pa.R.Crim.P. 506(b).

"After applying the facts to the relevant law, reviewing the Affidavits of Probable Cause, and in deference to the powers of the Commonwealth, the [trial c]ourt determine[d] that the District Attorney did NOT abuse its discretion in denying Rega's Private Criminal Complaint." *Id.* at 7. Therefore, the court affirmed the District Attorney's decision. Rega timely filed this appeal.

Rega raises three[1] issues:

> The court committed an error of law and/or abused its d[i]scretion by incorrectly determining its standard of review was that of an abuse of discretion and not *de novo* review when the District Attorney declined to prosecute solely based on a purported lack of

---

[1] Although Rega includes four questions in his statement of question's presented, *see* Rega's Br. at 5, he withdrew his third question concerning whether the court failed to conclude that the District Attorney's failure to prosecute was in bad faith. *See id.* at 15-16. Therefore, we have omitted that question.

evidence which is a legal evaluation and not a policy determination which would only then necessitate an abuse of discretion review.

The court committed an error of law and/or abused its d[i]scretion by failing to conclude, where evidence clearly existed, and under the proper *de novo* review, that not only did [Rega] establ[i]sh[] a *prima facie* case, but that he did so by [a] preponderance [of] the evidence.

The court committed an error of law and/or abused its d[i]scretion by failing to cite in its opinion what evidence it reviewed, thus relied on [] the District Attorney's file, to determine that the District Attorney did not abuse its dis[cre]tion.

Rega's Br. at 5.

We must consider whether the trial court applied the correct standard of review when it affirmed the disapproval of Rega's private criminal complaint.

A district attorney ("D.A.") has the authority to approve or disapprove private criminal complaints. Pa.R.Crim.P. 506(A). If the D.A. decides to disapprove a private complaint, the D.A. must advise the affiant of the reasons for the disapproval. *Id.* at (B)(2). A disapproval may be based on purely legal grounds (e.g., the complaint does not state a *prima facie* case or, even if it does so, the D.A.'s investigation into the matter reveals there is no evidentiary merit to the complaint). *In re Private Criminal Complaint of Wilson*, 879 A.2d 199, 211–12 (Pa.Super. 2005). Alternatively, the choice to disapprove a complaint may be a matter of policy (e.g., even if the case has legal merit, prosecution thereof would not serve the public interest). *Id.* at 212. Finally, the disapproval of a private complaint may be a hybrid of both legal and policy reasons. *Id.*

If a D.A. disapproves a private criminal complaint, the private affiant may appeal that disapproval to the Court of Common Pleas. Pa.R.Crim.P. 506(B)(2). In such an appeal, the court must first correctly identify the nature of the D.A.'s reason(s) for disapproving the complaint. *Wilson*, 879 A.2d at 212. If the D.A.'s decision was based on legal grounds, the court undertakes *de novo* review to determine whether the D.A. reached a proper legal conclusion. *Id.* However, if the D.A. based the disapproval on

- 3 -

policy reasons, the court applies an abuse of discretion standard, deferring to the D.A.'s decision absent bad faith, fraud or unconstitutionality on the latter's part. ***Id.*** Lastly, if the D.A. relied on a hybrid of legal and policy bases, the court reviews the D.A.'s decision for an abuse of discretion. ***Id.***

When this Court reviews a Common Pleas Court's decision concerning private criminal complaints, our review is congruent with the standard that was to be applied by the Common Pleas Court. Thus, where a D.A. denied a complaint on purely legal grounds and where the Common Pleas Court was therefore to undertake *de novo* review, we review the Common Pleas Court's decision for an error of law, thereby applying a *de novo* standard and a plenary scope of review. ***Id.*** at 214. However, where the D.A. denied the complaint on a policy basis or a hybrid of legal and policy bases, and where the Common Pleas Court was therefore to apply an abuse of discretion standard, we similarly review the court's decision for an abuse of discretion. ***Id.*** at 215. An abuse of discretion is not a mere error in judgment. ***Id.*** It is a decision based on bias, partiality, prejudice, ill will, manifest unreasonableness, or misapplication of law. ***Id.***

***Com. ex rel. Guarrasi v. Carroll***, 979 A.2d 383, 385-86 (Pa.Super. 2009).

Under Rule 506 and settled case law, the private criminal complainant has no right to an evidentiary hearing in connection with the trial court's review of the district attorney's decision to disapprove the private criminal complaint. Rule 506 merely allows the private criminal complainant the opportunity to have his complaint reviewed in the Court of Common Pleas, following the district attorney's adverse decision.

***In re Wilson***, 879 A.2d 199, 212–13 (Pa.Super. 2005) (*en banc*) (citations omitted).

Here, the private criminal complaint states that the District Attorney's office "disapproves" the complaint for "lack of evidence." Private Criminal Complaint, 2/20/20. In its opinion, the trial court reasoned that "[w]hen a prosecutor denies a Private Criminal Complaint stating that it 'lacks

prosecutorial merit,' this is deemed a 'policy determination' and subject to the abuse of discretion standard." Trial Ct. Op., at 6 (citation omitted). Therefore, it concluded that the applicable standard of review is one of abuse of discretion. **See id.**

"[F]or the purposes of reviewing the propriety of rejecting a private complaint, the term 'policy reasons' most often refers to a determination that, although a complaint has legal merit, prosecuting it would not serve the public interest." **Guarrasi**, 979 A.2d at 386. "To say that the D.A. in this case has a policy of not accepting private criminal complaints that lack legal merit does not transform the law-based rejection of such a complaint into a public policy decision or a hybrid of legal and public policy reasons." **Guarrasi**, 979 A.2d at 386.

We are constrained to reject the characterization of the District Attorney's disproval as a policy determination. Here, the private criminal complaint clearly states that it was disapproved because it "lacks evidence." Private Criminal Complaint. The District Attorney did not elaborate on its decision with any type of policy reasoning. Therefore, on its face the phrase describes a solely legal conclusion based on an evaluation of the evidence. The record contains no grounds to perceive the phrase as anything other than a legal determination. That conclusion is subject to *de novo* review.

Accordingly, we remand to the trial court for it to determine, based on a *de novo* review, whether the District Attorney reached a proper legal

conclusion when it disapproved Rega's private criminal complaint because it lacked evidence.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/1/2021